**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kathleen Louise Kron,<br><br>Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>Defendant. | No. CV-23-08047-PCT-GMS<br><br>**ORDER** |

Plaintiff Kathleen Louise Kron seeks review under 42 U.S.C. § 405(g) of the final decision of the Commissioner of Social Security ("the Commissioner"), which denied her disabled widow's benefits under 42 U.S.C §§ 402(e) and 423(d) of the Social Security Act, 42 U.S.C. §§ 301–2113. Because the decision of the Administrative Law Judge ("ALJ") is supported by substantial evidence and is not based on legal error, the Commissioner's decision is affirmed.

**I.  BACKGROUND**

Plaintiff was born in October 1963. (Doc. 7-4 at 23). She has some high school education. (Docs. 7-7 at 7; 7-10 at 173). Her prior job history includes receptionist, self-employment for cleaning and moving businesses, restaurant server/waitress, and appointment clerk. (Docs. 7-3 at 27; 7-7 at 7, 32). Plaintiff alleges she has the following impairments: anxiety, post-traumatic stress disorder ("PTSD"), back pain, hearing loss, osteoarthritis, neuropathy, degenerative joint disease, and obesity. (Doc. 7-3 at 20–23).

On November 9, 2020, Plaintiff applied for disabled widow's benefits, alleging disability beginning January 28, 2020. The claim was denied initially on June 7, 2021, and upon reconsideration on October 4, 2021. On February 8, 2022, she appeared with her attorney and testified at a video hearing before the ALJ. A vocational expert also testified. (*Id.* at 17). On March 8, 2022, the ALJ issued a decision that Plaintiff was not disabled from January 28, 2020, through March 8, 2022, under sections 202(e) and 223(d) of the Social Security Act. (*Id.* at 28). The Appeals Council denied Plaintiff's request for review of the hearing decision, making the ALJ's decision the Commissioner's final decision. (*Id.* at 2). On March 9, 2023, Plaintiff sought review by this Court. (Doc. 1).

## II.     STANDARD OF REVIEW

The district court reviews only those issues raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). "[O]nly issues [that] are argued specifically and distinctly in a party's opening brief" are reviewed. *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003). Moreover, "when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal." *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999). Failure to do so will only be excused when necessary to avoid a manifest injustice. *Id*.

A court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). "Substantial evidence is more than a mere scintilla but less than a preponderance." *Id.* (quoting *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n. 1 (9th Cir. 2005)). It is "relevant evidence [that] a reasonable [person] might accept as adequate to support a conclusion" considering the record as a whole. *Id.* (quoting *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)). In determining whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). Generally, when the

evidence is susceptible to more than one rational interpretation, courts "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). "Overall, the standard of review is 'highly deferential.'" *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1002 (9th Cir. 2015) (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)).

## III.   FIVE-STEP SEQUENTIAL EVALUATION PROCESS

To determine whether a claimant is disabled for purposes of the Social Security Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).[1]

At step one, the ALJ found that Plaintiff meets the non-disability requirements for disabled widow's benefits set forth in section 202(e) of the Social Security Act through September 30, 2023, and that she has not engaged in substantial gainful activity since January 31, 2020, the amended alleged onset date. (Doc. 7-3 at 20). At step two, the ALJ found that Plaintiff has the following severe impairments: spine disorder, bilateral shoulder osteoarthritis, right foot fracture, bilateral medial/lateral plantar neuropathy, bilateral wrist degenerative joint disease, and obesity. (*Id.* at 20). At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at 23). At step four, the ALJ found that Plaintiff has the

---

[1] At the first step, the ALJ determines whether the claimant is engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a severe medically determinable physical or mental impairment. *Id.* § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404. *Id.* § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. *See id.* At step four, the ALJ assesses the claimant's residual functional capacity and determines whether the claimant is still capable of performing past relevant work. *Id.* § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work based on the claimant's residual functional capacity, age, education, and work experience. *Id.* § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

residual functional capacity to perform sedentary work as defined in 20 C.F.R., except she can lift and/or carry ten pounds occasionally and less than ten pounds frequently. She can sit for six hours, stand for two hours, and walk for two hours. She can push and/or pull as much as she can lift and/or carry. The Plaintiff can occasionally reach overhead to the left and right. She can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. (*Id.* at 23). The ALJ further found that Plaintiff is able to perform any of her past relevant work as a receptionist and appointment clerk. This work does not require the performance of work-related activities precluded by the Plaintiff's residual functional capacity ("RFC"). (*Id.* at 27). At step five, the ALJ concluded that, considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff could perform.

## IV.   ANALYSIS

### A.   The ALJ Provided Clear and Convincing Reasons for Discrediting Plaintiff's Symptom Testimony.

If a claimant's statements about pain or other symptoms are not substantiated by objective medical evidence, the ALJ must consider all of the evidence in the case record, including any statement by the claimant and other persons, concerning the claimant's symptoms. SSR 16-3p, 2016 WL 1119029, at *4 (March 16, 2016), *amended by* SSR 16-3p, 2017 WL 5180304 (Oct. 25, 2017) [*hereinafter* SSR 16-3p]. Then the ALJ must make a finding on the intensity, persistence, and limiting effects of claimant's symptoms. *Id*.

In evaluating the intensity, persistence, and limiting effects of a claimant's symptoms, the ALJ will consider a set of seven factors in addition to all the existing evidence:

1. Daily activities;
2. The location, duration, frequency, and intensity of pain or other symptoms;
3. Factors that precipitate and aggravate the symptoms;

|   |   |   |
|---|---|---|
| 1 | 4. | The type, dosage, effectiveness, and side effects of any |
| 2 |   | medication an individual takes or has taken to alleviate pain or |
| 3 |   | other symptoms; |
| 4 | 5. | Treatment, other than medication, an individual receives or has |
| 5 |   | received for relief of pain or other symptoms; |
| 6 | 6. | Any measures other than treatment an individual uses or has |
| 7 |   | used to relieve pain or other symptoms (e.g., lying flat on his |
| 8 |   | or her back, standing for 15 to 20 minutes every hour, or |
| 9 |   | sleeping on a board); and |
| 10 | 7. | Any other factors concerning an individual's functional |
| 11 |   | limitations and restrictions due to pain or other symptoms. |

*Id*. at \*7–8. The ALJ will only discuss those factors made relevant by the evidence. *Id.* at \*8. A claimant's statements about her own symptoms will weigh in this analysis based on their consistency with the record: symptom statements reflecting limitations that are consistent with the record indicate claimant's symptoms are more likely to reduce capacity to perform work-related activities, while inconsistent statements indicate the opposite. *Id.*

First, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." Second, the ALJ found Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence. ." (Doc. 7-3 at 24).

Plaintiff testified that she has used a three-point cane, has an L2 fracture that limits her to standing for ten minutes and sitting for fifteen to twenty minutes before changing positions, pain in her neck—especially when moving quickly, and an inability to complete certain household tasks without assistance. (*Id.*). Plaintiff argues that the ALJ improperly discredited this symptom testimony, making the ALJ's RFC determination inaccurate, especially as it relates to Plaintiff's ability to sit, stand, and walk, as well as her ability to reach above her head.

The ALJ, however, provided clear and convincing reasons for discrediting Plaintiff's symptom testimony because Plaintiff's testimony was not entirely consistent with the record. Significantly, many of Plaintiff's medical records from multiple doctor visits indicate that she had 5/5 strength in her extremities, which is inconsistent with Plaintiff's claimed symptom testimony regarding her neuropathy. (*See* Doc. 7-9 at 131; Doc. 7-10 at 10, 27, 96, 111, 115). Additionally, records indicate that Plaintiff's consistent use of her friend's cane was beyond the intended use of the walker she was medically prescribed for intermittent gait disturbance. (Doc. 7-10 at 188). In other words, Plaintiff was using a cane beyond the purposes for which the walker was prescribed. Further, a walker and a cane are not the same items. Thus, Plaintiff's daily use of a three-point cane is not medical evidence of her disability-based limitations. While Plaintiff's walker prescription is medical evidence, it is only evidence of the limitation it was prescribed for—intermittent gait disturbance—which was appropriately factored into Plaintiff's RFC.

Based on this medical evidence, the ALJ had clear and convincing reasons for discrediting Plaintiff's symptom testimony.

  **B.** **The ALJ Did Not Err in Determining Plaintiff's Residual Functional Capacity.**

An RFC finding involves a detailed assessment of how a claimant's medical impairments affect his ability to work. Claimant in this case alleged disability in part due to mental impairments. In determining a claimant's RFC, the ALJ "must consider all relevant evidence in the record, including, *inter alia*, medical records, lay evidence, and 'the effects of [] symptoms, including pain, that are reasonably attributed to a medically determinable impairment.'" *Robbins v. SSA*, 466 F.3d 880, 883 (9th Cir. 2006) (quoting SSR 96–8p, 1996 WL 374184, *5 (July 2, 1996)). The ALJ must consider the combined effect of multiple conditions, including those that are not severe. *See* 20 C.F.R. § 404.1545(a)(2). A plaintiff's illnesses "must be considered in combination and must not be fragmentized in evaluating their effects." *Lester v. Chater*, 81 F.3d 821, 829 (9th Cir. 1995) (quoting *Beecher v. Heckler*, 756 F.2d 693, 694–95 (9th Cir. 1985)).

The ALJ did not err in determining Plaintiff's RFC. The ALJ provided a narrative description of how the evidence supports each conclusion in the RFC assessment and explained any inconsistencies or ambiguities in the evidence. See SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996). The ALJ provided reasons for his disagreement with portions of the medical opinion evidence. The ALJ incorporated those medical assessments that he found credible, including the limitations that Drs. Keer and Christian assessed based on Plaintiff's medically documented impairments. (Doc. 7-3 at 24–25).

In particular, Plaintiff alleges the ALJ erred in not finding Plaintiff's depression, anxiety, and PTSD to be non-severe. (Doc. 10 at 8). However, the ALJ arrived at this conclusion after engaging in a thorough analysis of the record. (Doc. 7-3 at 20–22). In so doing, the ALJ's conclusion that Plaintiff's mental impairments were non-severe was well-supported by the evidence. As the Defendant points out, non-severe impairments are those that do not cause symptoms that significantly limits Plaintiff's work performance. *See Woods v. Kijakazi*, 32 F.4th 785, 794 (9th Cir. 2022). The ALJ did consider Plaintiff's mental impairments when crafting Plaintiff's RFC. However, as non-severe impairments, Plaintiff's mental impairments do not significantly limit Plaintiff's work performance. As such, the ALJ's RFC analysis did consider her non-severe mental impairments, (Doc. 7-3 at 27), but ultimately found any limitations caused by those impairments were co-extensive with her other limitations. Indeed, the ALJ explains that Plaintiff's medical evidence of her limitations is internally inconsistent, as it provides no restriction in daily living or social functioning and only a slight deficiency in concentration, but repeated episodes of deterioration in work settings. (Doc. 7-10 at 179).

Accordingly, the ALJ properly considered the evidence in the record when determining Plaintiff's RFC. Despite Plaintiff's argument to the contrary, the ALJ's assessment finds substantial support in the medical opinion evidence.

/ / /

/ / /

**IT IS THEREFORE ORDERED** that the final decision of the Commissioner of Social Security is affirmed. The Clerk shall enter judgment accordingly and shall terminate this case.

Dated this 24th day of June, 2024.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge